UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>        Plaintiff,<br><br>-v-<br><br>BOSTON GLOBE MEDIA PARTNERS, LLC; and DOES 1 through 20,<br><br>        Defendants. | CASE NO.  1:24-cv-2579<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BackGrid USA, Inc. ("BackGrid") alleges its personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This case involves egregious violations of copyright law. Defendant Boston Globa Media Partners, LLC ("Boston Globe"), an entity that relies on the strictures of copyright law for its own business model, infringed BackGrid's works and willfully continued to do so even after receipt of notice of its infringement. Each of BackGrid's photographs are valuable celebrity photographs and are timely registered with the United States Copyright Office.

2. Defendant Boston Globe Media Partners, LLC and Does 1-20 (collectively "Defendants") conduct has caused, and continues to cause, BackGrid significant and irreparable harm, and BackGrid's repeated demands, through its representatives, for Defendants to cease their unlawful conduct has only emboldened Defendants to infringe additional photographs owned by BackGrid.

1

## PARTIES

3. Plaintiff BackGrid, USA Inc. ("BackGrid") is a California corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

4. Defendant Boston Globe Media Partners, LLC ("Boston Globe") is incorporated in and existing under the laws of Delaware with its principal place of business in Boston, Massachusetts.

5. Does 1 through 20, inclusive (the "Doe Defendants"), are unknown to BackGrid, who therefore sues said Defendants by such fictitious names. BackGrid will seek leave to amend its Complaint and insert the true names and capacities of the Doe Defendants when the same have been ascertained. Each Doe Defendant designated herein as a "DOE" is, on information and belief, legally responsible in some manner for the events and happenings herein alleged, by among other things, (1) directing and instituting the copyright infringement actions with and for Boston Globe and/or (2) aiding, assisting and abetting the infringements described herein, and that thus BackGrid's damages as alleged herein were proximately caused by such Doe Defendants.

## JURISDICTION AND VENUE

6. This is a civil action against Defendants for copyright infringement under the U.S. Copyright Act, 17 U.S.C. §§ 501 *et seq.* This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501(a) and 28 U.S.C. § 1331, 1332, and 1338.

7. Personal jurisdiction in New York and in this District is proper pursuant to N.Y. C.P.L.R. §§ 301 and 302 because Defendants (a) engage in continuous and systematic business in New York and in this District; (b) transact business within New York and within this District;

and (c) have committed acts of copyright infringement inside of New York and in this District. Among other things, Defendants monetize their interactive website through advertising, and target New York residents through advertising and location tracking, providing them with New York-specific advertisements, including in connection with infringing webpages displaying infringing copies of Backgrid's copyrighted works. Defendants also monetize their website by offering subscriptions, whereby visitors pay a regular fee for access to additional content, which, in some instances, includes infringing webpages. On information and belief, this includes a substantial number of subscribers in New York and in this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 & 1400.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

9. BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

10. Among many other in-demand works, BackGrid owns the copyright rights in and to coveted photographs of Zendaya, Tom Holland, Jenna Ortega, Harrison Ford, Calista Flockhart, and Ben Affleck, (the "Celebrity Photographs") among many others. Each of the Celebrity Photographs at issue in this action is timely registered. BackGrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. The copyright registrations are attached hereto as Exhibit A.

*Defendant and Its Willfully Infringing Activity*

11. Defendant Boston Globe owns and operates BostonGlobe.com ("Website"), which is a news and entertainment website. It generates revenues from click-through advertising, some of which targets New York residents, and through offering subscriptions to more regular visitors of the Website, many of which are New York residents.

12. Defendants have, at least, publicly displayed the Celebrity Photographs on the Website without consent or license, as shown in Exhibit B, which is incorporated herein by reference. Each of the infringements were discovered within three years of filing this above captioned action.

13. Defendants violated federal law by willfully infringing BackGrid's copyrights to at least 10 Celebrity Photographs on, at least, the Website.

14. Defendants knew they did not have the right to post and exploit the Celebrity Photographs. Among other things, Defendants are in the publishing business and rely on the strictures of copyright law to protect its own content. Moreover, on or around May 28, 2022, BackGrid's agent sent Defendant correspondence putting it on notice of its infringement. After receipt of the letter, Defendants infringed additional Celebrity Photographs belonging to BackGrid. Defendants continue to infringe at least 4 of the timely registered photographs.

15. Defendants induced, caused, or materially contributed to the public display of the Celebrity Photographs and derivatives thereof, all while knowing or having reason to know of the infringement on the Website was without permission, consent, or license.

16. On information and belief, Defendant operates and controls the Website at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto.  On information and belief, Defendants has driven significant traffic to their Website, and therefore increased its revenues, in large part due to the presence of the sought after and searched-for Celebrity Photographs that frame this dispute.  All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

17. BackGrid attempted to resolve this dispute prior to filing the above captioned action. Instead of engaging in meaningful discussions, Boston Globe infringed additional Celebrity Photographs that are currently live.

### FIRST CAUSE OF ACTION
### DIRECT COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106, 501
### (Against All Defendants)

18. BackGrid incorporates by reference each and every allegation in paragraph 1 through 17 as if fully set forth herein.

19. BackGrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

20. BackGrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

21. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by at least publicly displaying and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq*.

22. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid.

23. BackGrid has identified at least 10 instances of infringement by way of the unlawful reproduction and display of BackGrid's photographs.

24. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

25. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid's copyrights by knowingly publicly displayed its photographs by, among

other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from BackGrid's copyrights.

26. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid seeks a declaration that Defendants are infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

27. The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 per work in statutory damages for each of the 10 infringed photographs, in addition to its attorney's fees.

## PRAYER FOF RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of BackGrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5.	For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.	For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.	For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8.	For any such other and further relief as the Court may deem just and appropriate.

Dated: April 4, 2024                    By: /s/ Leo M. Lichtman

Joanna Ardalan (*Pro hac vice* forthcoming)
Leo M. Lichtman
**ONE LLP**
23 Corporate Plaza, Ste 150
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
jardalan@onellp.com
llichtman@onellp.com

*Attorneys for Plaintiff BackGrid USA, Inc.*

## DEMAND FOR A JURY TRIAL

BackGrid USA, Inc. demands a jury trial for all issues so triable.

| | |
|---|---|
| Dated: April 4, 2024 | By: /s/ Leo M. Lichtman |
| | Joanna Ardalan (*Pro hac vice* forthcoming) <br> Leo M. Lichtman <br> **ONE LLP** <br> 23 Corporate Plaza, Ste 150 <br> Newport Beach, CA 92660 <br> Telephone: (949) 502-2870 <br> Facsimile: (949) 258-5081 <br> jardalan@onellp.com <br> llichtman@onellp.com <br><br> *Attorneys for Plaintiff BackGrid USA, Inc.* |